**SIGNED this 2 day of August, 2022.**



_____
**Austin E. Carter**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Eddie B. Williams, | ) | Case No. 20-10087-AEC |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| Nationstar Mortgage, LLC | ) | |
| d/b/a Mr. Cooper, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 21-1007-AEC |
| | ) | |
| Eddie B. Williams, | ) | |
| Trinity Financial Services, Inc.,[1] and | ) | |
| Jonathan W. DeLoach, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's *Motion for Summary Judgment* (Doc. 27).

Plaintiff filed this proceeding seeking equitable subrogation and declaratory

---

[1] Although the Complaint names the Defendant "Trinity Financial Services, Inc.," in its pleadings this Defendant's refers to itself as "Trinity Financial Services, LLC."

judgment concerning the priority of certain liens held by Plaintiff and Defendant Trinity Financial Services, LLC ("Trinity").

Pursuant to Federal Rule of Civil Procedure ("Rule") 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7056, the Court states on the record its reasons for this ruling on the Motion. Having considered the respective pleadings of the parties, the affidavit submitted, and the remainder of the record, the Court GRANTS the Plaintiff's Motion.

### I. Factual Background

Plaintiff Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Plaintiff" or "Nationstar") filed this adversary proceeding seeking declaratory judgment and equitable subrogation concerning the priority of certain liens held by Plaintiff and Trinity. The liens in question encumber Debtor Eddie B. Williams's real property located at 2100 Jones Avenue, Albany, Dougherty County, Georgia ("Property"). Plaintiff seeks equitable subrogation to the rights of Regions Mortgage, Inc. ("Regions") under Regions' April 2000 Security Deed, which Plaintiff satisfied in connection with a September 12, 2018 refinance transaction with Debtor.

Debtor acquired the Property in 2000. To purchase it, Debtor executed a first priority purchase money security deed to the Property in the original principal amount of $64,369.00 to Regions, which was recorded in a first priority lien position on April 19, 2000 ("Regions Deed").

On or about June 11, 2001, Debtor executed a second security deed to the Property in favor of Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation d/b/a ditech.com, in the original principal amount of $15,100.00. The second security was recorded in a junior lien position subordinate to the Regions Deed, on June 29, 2001. On or about August 28, 2019, the second priority security deed was assigned to Trinity ("Trinity Deed").

2

In September 2018, Debtor entered a refinance transaction with Plaintiff for the purpose of refinancing the loan secured by the Regions Deed. Debtor executed and delivered Mortgage Electronic Registration Systems, Inc. as nominee for Nationstar Mortgage LLC d/b/a Mr. Cooper, a security deed to the Property in the original principal amount of $58,811.00.

Plaintiff advanced $44,583.54 to pay the balance of the undisputed first priority Regions Deed. (Doc. 35, ¶ 17). After Plaintiff tendered the funds, a Cancellation of Deed to Secure Debt as to the Regions Deed was recorded, satisfying the Regions Deed.

Plaintiff's representative, Toni Lloyd, testified that Plaintiff agreed to enter into the refinance transaction only under the express condition that its loan would be secured by a first priority, unencumbered security interest to the Property. (*Id.* at ¶ 12). Lloyd further testified that Plaintiff believed it held a valid perfected first priority security interest to the Property following the refinance transaction, and was unaware that the Trinity Deed remained outstanding. (*Id.* at ¶ 18). Plaintiff ordered a title search in connection with the refinance transaction (*Id.* at ¶ 13). The title search indicated only the Regions Deed as an existing encumbrance, failing to identify or otherwise disclose the Trinity Deed (*Id.* at ¶ 15). Plaintiff argues that, but for the refinance transaction, Trinity has no grounds to claim a first lien position to the Property.

Debtor filed his bankruptcy petition on January 23, 2020. In his schedules, Debtor includes the Property and the liens held by both Plaintiff and Trinity (Case No. 20-10087, Doc. 1). Both Plaintiff and Trinity filed proofs of claim in Debtor's bankruptcy case, asserting claims secured by the Property: Plaintiff in the amount of $54,520.10, and Trinity in the amount of $32,094.21. (*See* Case No. 20-10087, Claim nos. 4-1 and 5-1). Trinity attaches to its proof of claim a copy of its Trinity Deed, which on page one is stamped "SECOND MORTGAGE." (Case No. 20-10087,

3

Claim no 5-1, at 15.) Similar language appears on the Note held by Trinity, also attached to its proof of claim. (*Id.* at 9). The Debtor's plan, which has yet to be heard for confirmation,[2] proposes to cram down Trinity's claim. (*See* Case No. 20-10087, Doc. 2 at 3, § 3.5). Debtor's plan values Trinity's claim at $15,000.00 and indicates that the amount owing is $31,158.00. Trinity has objected to confirmation of the plan. *See* Case No. 20-10087 (Doc. 24).

Plaintiff seeks summary judgment, asserting no genuine issues of material fact exist as to the elements of equitable subrogation as to the Regions Deed. Trinity asserts that Plaintiff is not entitled to equitable subrogation because Plaintiff has not shown that it is not guilty of culpable or inexcusable neglect, and has not proven the elements of equitable subrogation. Trinity further argues that this Court should abstain from ruling on the issue of equitable subrogation because issues affecting the Property are neither ripe for consideration nor arise under title 11 of the United States Code (the "Bankruptcy Code").

## II. Legal Conclusions

### A. Jurisdiction and Abstention.

Trinity questions whether this Court has jurisdiction over the subject matter of this dispute, and asserts that, if jurisdiction exists under 28 U.S.C. § 1334(b), then the Court should elect to abstain from this dispute under 28 U.S.C. § 1334(c)(1).[3]

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. . . and may enter appropriate orders and judgments . . . ." 28 U.S.C. § 157(b)(1). Disputes

---

[2] At the scheduling conference for this adversary proceeding, Plaintiff's counsel suggested that the delay in confirmation is in part due to the lien priority dispute at issue here.

[3] Trinity does not cite the code provision on which it bases its suggestion that the Court should abstain. The Court will consider such request under 28 U.S.C. § 1334(c)(1), because 28 U.S.C. § 1334(c)(2) does not apply unless an action in state court has already been commenced, which is not the case here.

concerning the determination of priority of liens, are "core" proceedings. 28 U.S.C. § 157(b)(2)(K) ("Core proceedings include . . . determinations of the validity, extent, or priority of liens"). This adversary proceeding seeks equitable relief concerning the priority of certain liens on property of the Debtor. Thus, the unambiguous statutory language of 28 U.S.C. § 157(b)(2)(K) and the Eleventh Circuit's interpretation of this code provision place this matter squarely within the definition of "core proceeding." *See Cont'l Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1347 (11th Cir. 1999) ("[T]he case law on [28 U.S.C. § 157](b)(2)(K) indicates that it encompasses only proceedings to determine the validity, extent, or priority of liens on the estate's or the debtor's property.").

In addition to concerning priority of liens on the Property (which is property of the estate), the Debtor's proposed plan assigns different treatment to the claims of Plaintiff and Trinity, based on respective lien priority. "[A] priority dispute between two creditors is a classic "core proceeding" to be resolved by the bankruptcy court." *Sandersville Prod. Credit Assn. v. Douthit (In re Douthit)*, 47 B.R. 428, 431 (M.D. Ga. 1985); *see also In re Plaza Resort at Palmas, Inc.* (D.P.R. 2013) (lien priority dispute over estate property is core proceeding despite issue dependence on state law); *In re Pittsburgh Cut Flower Co., Inc.*, 118 B.R. 31, 34 (Bankr. W.D. Pa. 1990) (creditor lien priority dispute as to estate property is core proceeding arising under title 11 where plan treats liens differently and resolution of proceeding is required for determination of plan confirmation). Accordingly, this is a core proceeding, notwithstanding the involvement of state law.[4] As such, the Court concludes that this proceeding arises under title 11 or in a case arising in title 11. *See Stern v. Marshall*, 564 U.S. 462, 476 (2011) ("[C]ore proceedings are those that

---

[4] "[T]he dependence of the merits of an action on state law . . . does not, in and of itself, mean that the action is non-core. *Cont'l Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1349 (11th Cir. 1999) (citing 28 U.S.C. § 157(b)(3)).

5

arise in a bankruptcy case or under Title 11."). Accordingly, this matter falls within the ambit of 28 U.S.C. § 1334(b).[5]

Furthermore, separate statutory authority for the Court's jurisdiction arises under 28 U.S.C. § 1334(e)(1), which provides, "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Thus, the Court has exclusive jurisdiction over property of the estate, including the Property (under 11 U.S.C. § 541(a)). Because this Court has jurisdiction over the Property, it may appropriately adjudicate disputes concerning the Property.

Even if this proceeding did not arise under title 11 or arise in or related to a case under title 11, the Court has little trouble finding that issues presented meet the *Pacor* test of "related to" jurisdiction that has been adopted in this Circuit. A proceeding is "related to" a bankruptcy case if the outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *Estate of Jackson v. Scrhon (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336 (11th Cir. 2017) (quoting *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012) (emphasis in original)). This test is easily met, as the liens in question secure claims that are addressed in the Debtor's pending plan. The Debtor's proposed treatment of Trinity as a second priority lien—to cram it down—is less favorable than the proposed treatment of Plaintiff's lien. Even when considering Trinity's pending objection to confirmation of the plan, the Court finds that the *Pacor* test is satisfied: this proceeding could conceivably have an effect on the Debtor's estate. Likewise, the Court has

---

[5] The District Court for this District has of course referred all such cases and proceedings to the Bankruptcy Court, as authorized in 28 U.S.C. § 157(a). *See Amended Standing Order of Reference*, M.D. Ga. General Order 2012-01.

6

jurisdiction to issue the related declaratory judgment. *See AgGeorgia Farm Credit v. Carter (In re Carter)*, 586 B.R. 360, 364-65 (Bankr. M.D. Ga. 2018) (bankruptcy court can issue declaratory judgment in cases within court's jurisdiction).

Regardless of whether this proceeding arises under title 11 or arising in or related a case under title 11, the Court could permissively abstain under 28 U.S.C. § 1334(c)(1). Trinity (in its Response and at the initial scheduling conference on July 29, 2021), suggests that abstention would be appropriate. Despite the procedural deficiency of Defendant in raising this issue,[6] the Court has considered the factors governing permissive abstention under 28 U.S.C. § 1334(c)(1), and declines to abstain from this proceeding.[7] The Court does not find abstention "appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." *See In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002).

B.  Summary Judgment Standard

Under Rule 56, a party moving for summary judgment is entitled to prevail on its motion if the movant shows that there is no genuine dispute as to any

---

[6] A request for abstention should be brought via motion. *See* Fed. R. Bankr. P. 5010(b).
[7] The factors typically considered for discretionary abstention include:
> (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Moran Lake Convalescent Ctr., LLC*, No. 10-43405-MGD, 2012 WL 4511339, at *5 (Bankr. N.D. Ga. Aug. 28, 2012) (citations omitted).

7

material fact and the movant is entitled to judgment as a matter of law as to such claims, defenses, or parts thereof. Fed. R. Civ. P. 56(a). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The movant bears the initial burden to show from the record the absence of a genuine dispute as to material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has met its burden, the burden shifts to the nonmovant to "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

C.     Equitable Subrogation

Under equitable subrogation, when the parties intend to substitute a new creditor's lien rights for the rights of an existing lien creditor whom the new creditor is paying off, the new creditor steps into the shoes of the existing creditor with respect to lien priority. *GMAC Mortg., LLC v. Pharis*, 328 Ga. App. 56, 58, 761 S.E.2d 480, 482 (2014). The elements of equitable subrogation are well-established:

> Where one advances money to pay off an encumbrance on realty either at the instance of the owner of the property or the holder of the encumbrance, either upon the express understanding or under circumstances under which an understanding will be implied that the advance made is to be secured by the senior lien on the property, in the event the new security is for any reason not a first lien on the property, the holder of the security, if not chargeable with culpable or inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equity of others would be prejudiced thereby; knowledge of the existence of an intervening encumbrance will not alone prevent the person advancing the money to pay off the senior encumbrance from claiming the right of subrogation where the exercise of such right will not in any substantial way prejudice the rights of the intervening encumbrancer; under the foregoing circumstances, equity will set aside a cancellation of such

8

> security and revive the same for the benefit of the party who paid
> it off.

*Davis v. Johnson*, 241 Ga. 436, 438, 246 S.E.2d 297, 299–300 (1978). The purpose of this doctrine is to accomplish justice between the parties; courts therefore generally are inclined to extend rather than restrict the doctrine. *GMAC Mortg., LLC v. Pharis*, 328 Ga. App. 56, 58, 761 S.E.2d 480, 482 (2014) ("The principle of subrogation is applied for the purpose of doing of complete, essential, and perfect justice between all the parties, without regard to form, and its object is the prevention of injustice. The courts incline rather to extend than restrict the principle.") (citation omitted).

In this case, there is no genuine issue of material fact as to each element. Plaintiff has established that Plaintiff advanced money to pay off an encumbrance on the Property, at the instance of the owner of the Property, upon the understanding that the advance would be secured by the senior lien on the Property.

Trinity argues that Plaintiff cannot prevail on its claim because it did not affirmatively show that it conducted a title search and thus was not chargeable with culpable or inexcusable neglect. Additionally, Trinity argues that Plaintiff's decision to forego obtaining a subordination agreement amounts to inexcusable neglect. Plaintiff responds to this argument by filing the Lloyd Affidavit (the "Affidavit") with its Reply.[8] Through the Affidavit, Plaintiff has established that it had a title search run as part of its preparations for its payment to refinance the then-first priority lien on the Property held by Regions. The Affidavit also

---

[8] Trinity did not object to the consideration of the Affidavit under Bankruptcy Rule 9006(d). The Court has discretion to consider the Affidavit and has done so. *See In re Gregg*, No. 11-40125- JTL, 2013 WL 3989061, at *4 (Bankr. M.D. Ga. July 2, 2013) ("The Court has considerable discretion in determining whether it will accept untimely evidence.").

9

establishes that Plaintiff would not have advanced the funds to satisfy the Regions Deed encumbering the Property had it known of the Trinity Deed.[9]

The Affidavit testimony eclipses Trinity's arguments, but even without the Affidavit its arguments do not pass muster. Indeed, the Georgia Court of Appeals has addressed the same argument, and held that failure to conduct a title search, or missing a deed of record in a title search, is not sufficient to defeat a claim for equitable subrogation. *GMAC Mortg., LLC v. Pharis*, 328 Ga. App. 56, 60, 761 S.E.2d 480, 483 (2014).

The other argument of Trinity—that Plaintiff has not shown a lack of genuine dispute as to the material facts that make up the elements of equitable subrogation—also comes unraveled at the hands of the Affidavit. It is true that the *Statement of Uncontested Material Facts*, which Plaintiff filed pursuant to our Local Rule 7056-1(a), fails to establish no dispute as to the elements of Plaintiff's claim, but this defect was remedied by the Affidavit.

Although Trinity does not raise this issue, the record demonstrates no prejudice resulting to Trinity as a result of equitable subrogation.[10] Plaintiff argues that the term "second mortgage" on the Trinity Deed shows that Trinity expected for its loan to be secured by a second priority lien on the Property. Trinity offers no evidence or argument showing that it intended to be the first priority lien holder, or otherwise. *See 915 Indian Trail, LLC v. State Bank & Tr. Co.*, 328 Ga. App. 524, 530, 759 S.E.2d 654, 660 (2014) (finding no prejudice when second lienholder had

---

[9] Because Plaintiff did conduct a title search, Trinity's argument regarding Plaintiff's neglect in obtaining a subordination agreement must fail. Plaintiff took the necessary steps (under the circumstances) to protect its lien priority.

[10] The other "prejudice" that could be at issue in this case—whether the superior or equal rights of others would be prejudiced by the application of equitable subrogation to the lien held Plaintiff (*see Davis v. Johnson*, 241 Ga. at 438, 246 S.E.2d at 299–300)—is not at issue, because the record does not reveal that any other party has a lien priority superior or equal to first position.

10

knowledge that it would not be the senior lienholder and its deed indicated it was "Second Deed to Secure Debt").

### III. Conclusion.

There is no genuine dispute as to any material fact. Accordingly, the Court GRANTS the Plaintiff's Motion. A separate judgment will be entered.

[END OF DOCUMENT]